**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-40836
Summary Calendar
_____

SONNY WILSON,

Plaintiff-Appellant,

versus

JENNIFER REEVES, CO, Coffield Unit,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
(6:96-CV-1100)

April 30, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sonny Wilson, Texas prisoner #684871, argues that the district court abused its discretion in dismissing as frivolous his 42 U.S.C. § 1983 complaint in which he alleged that he was subjected to the use of excessive force in retaliation for filing grievances against a correctional officer.

We have reviewed the record, including the transcript of the *Spears* hearing and the briefs of the parties, and have determined that the district court abused its discretion in dismissing Wilson's complaint as frivolous.

Wilson's excessive force claim was dismissed prematurely without a sufficient development of the record with respect to all of the factors relevant to the disposition of that issue. *See Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (listing factors relevant to excessive force inquiry). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court failed to examine "the degree of force employed in relation to the apparent need for it, as distinguished from the extent of the injury suffered." *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999); *see also Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, , 117 L. Ed. 2d 156, __ (1992) (noting that "the absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it").

We have further determined that Wilson alleged an arguable claim of retaliation for exercising his constitutional right to file grievances. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 118 S. Ct. 559 (1997); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986).

The judgment of the district court is VACATED and the case is REMANDED to the district court for further consideration of Wilson's claims.

VACATED AND REMANDED.